JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD J. McCLAIN, JR.

**DEFENDANTS**
WEATHER TRENDS INTERNATIONAL, INC.

**(b)** County of Residence of First Listed Plaintiff   LEHIGH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein  WEINSTEIN LAW FIRM, LLC  500 Office Ctr Dr., #400, Ft. Wash, PA 19034  267.513.1942

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☒ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC sec. 701
Brief description of cause:
Disability discrimination in violation of the Rehabilitation Act of 1973

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
December 13, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **2061 Strathmore Drive   Lower Macungie, PA 18062**

Address of Defendant: **1 West Broad Street Suite #802  Bethlehem, PA 18018**

Place of Accident, Incident or Transaction: **Bethlehem, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12/11/2021** _____   _____ Must sign here   **79474**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Marc E. Weinstein** _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: **12/11/2021** _____   _____ Sign here if applicable   **79474**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. MCLAIN, JR.** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. _____ |
| v. | : | |
| | : | |
| **WEATHER TRENDS** | : | |
| **INTERNATIONAL, INC.** | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

### I.    Introduction

1.    Plaintiff prosecutes this disability discrimination action against his former employer. He alleges Defendant terminated his employment on account of his recent cancer diagnosis and treatments, in violation of federal anti-discrimination law.

### II.    Parties

2.    Plaintiff is a male citizen of the United States.  At times relevant to this case he was employed by Defendant in the Eastern District of Pennsylvania.

3.    Defendant,  Weather Trends International, Inc., is a Lehigh Valley-based company that sells long-range weather forecasts to retailers and investors.

4.    At all relevant times, Defendant has been a corporate entity organized under the laws of the Commonwealth of Pennsylvania.

5.      At all relevant times, Defendant acted through its several agents, servants, and employees (including, but not limited to, those named elsewhere in this Civil Action Complaint), each of whom acted in the course and scope of their employment at all times relevant herein.  Defendant is therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid individuals pursuant to the principle of *respondeat superior*.

## III.    Jurisdiction and Venue

6.      Plaintiff's claims arise under the Rehabilitation Act of 1973, (29 U.S.C. § 701 et seq.) ("Rehab Act").

7.      The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 (federal question).

8.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9.      Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the

2

claims set forth herein occurred in this judicial district (Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## IV.    **Factual Background**

10.    Plaintiff was hired by Defendant as Executive Vice President for Sales and Marketing in or about May 2020.

11.    He reported to William Kirk, CEO and Billy Dunn, President.

12.    Plaintiff's primary duties were to build a structure within the sales organization and establish strategic partnerships.

13.    In early 2021, Plaintiff was diagnosed with cancer and began a course of treatment shortly thereafter.

14.    Plaintiff had several surgeries, and then underwent extensive radiation treatments and speech therapy.

15.    In or about August 2021, Plaintiff went out on Short Term Disability in order to facilitate his recovery.

16.    On Monday, September 13, 2021 Dunn told Plaintiff that Plaintiff was being discharged.

17.    Dunn said finances were really bad. When Plaintiff reminded Dunn that he wasn't costing the company anything at the time since he was out on disability, he replied, "yeah, but our premium will go up."

18.    Upon further inquiry, Defendant changed its explanation for Plaintiff's firing,

3

asserting it was due to poor performance. Yet never once was Plaintiff counseled or criticized for any performance deficiencies.

19.    Defendant's explanations are inconsistent and pretextual. The real reason Plaintiff was discharged is because Defendant considered him to be damaged goods after his cancer diagnosis and treatments.

## First Cause of Action - Violations of the Rehab Act

20.    The foregoing paragraphs are incorporated in their entirety as if set forth in full.

21.    Defendant has been the recipient of federal financial assistance and is therefore subject to the provisions of the Rehab Act.

22.    The Rehab Act prohibits discrimination "against a qualified individual with a disability because of that disability."

23.    Plaintiff is a "qualified individual with a disability" because he has been diagnosed with cancer, and has undergone surgeries and treatment for his cancer.

24.    Moreover, in being diagnosed with cancer, and undergoing surgeries and treatment for cancer, Plaintiff has (a) a physical or mental impairment that substantially limits one or more of his major life activities; or (b) a record of such an impairment; or (c) was regarded as having such an impairment.

25.    Cancer has substantially limited Plaintiff's major life activity of normal cell growth.

26.    Cancer has also substantially limited Plaintiff's major life activities of speaking, swallowing and eating.

4

27.     By deliberately and purposefully firing Plaintiff due to his cancer diagnosis and treatments, Defendant has engaged in numerous, ongoing, repeated, and intentional violations of the Rehab Act.

28.     As a result of Defendant's unlawful conduct, Plaintiff has suffered pecuniary losses, substantial emotional distress, humiliation, inconvenience and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the Rehab Act;

B.     Defendant is to promulgate and adhere to a policy prohibiting disability discrimination;

C.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for the illegal actions including but not limited to back pay, front pay, salary, pay increases, bonus, insurance, benefits, training, promotions, and seniority;

D.     Plaintiff is to be awarded compensatory damages for the pain, suffering, emotional distress, anguish and financial strain caused him by Defendant's actions and omissions;

E.     Plaintiff is to be accorded other equitable and legal relief as the court deems just, proper and appropriate;

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fee as provided by applicable federal law;

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


                        Respectfully submitted,

                        **WEINSTEIN LAW FIRM, LLC**

        By:

                        Marc E. Weinstein, Esq.
                        500 Office Center Drive
                        Suite 400
                        Fort Washington, PA 19034
                        267.513.1942
                        marc@meweinsteinlaw.com
                        Counsel to Plaintiff


Dated:          December 13, 2021

6